**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| JAMES BRUCE ALLISON,<br><br>        Petitioner,<br><br>vs.<br><br>LINDA SANDERS,<br><br>        Respondent. | Criminal No. 07-284-N-EJL<br>Civil No. 09-364-N-EJL<br><br>MEMORANDUM ORDER |

Pending before the Court in the above-entitled matter is Petitioner James Allison's Petition for Writ of Habeas Corpus Pursuant to 28 U. S. C. § 2241 (Docket No. 3). The Petition was determined to actually be a Petition Pursuant to 28 U. S. C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody by the Honorable Paul L. Abrams and Honorable George H. King of the Central District of California (Docket No. 5) and transferred to the District of Idaho where the Petitioner was sentenced. The Government's filed its response and the Petitioner filed a reply brief. The matter is now ripe for the Court's review.

**Background**

Petitioner pled guilty to Counts 1 and 4 of the Indictment. Count 1 charged the Petitioner with Attempted Coercion and Enticement of a Minor, in violation of 18 U. S. C. § 2242(b) and Count 4 charged a forfeiture, in violation of 18 U. S. C. § 2253(a)(1) and (3). The Petitioner was represented by counsel. Petitioner entered a written plea

MEMORANDUM ORDER - 1

agreement which set forth the nature of the charges, the elements and factual basis the Government could proved to support convictions on both counts. Petitioner was advised in the plea agreement and in open court that there was a mandatory minimum sentence on Count 1 of ten years imprisonment with a maximum sentence of life imprisonment.

The Court sentenced the Petitioner to 10 years in prison to be followed by ten years of supervised release, 100 hours of community service, $100 special assessment and the forfeiture of certain computers. The Court dismissed Courts 2 and 3 upon motion of the Government. No direct appeal was filed by the Petitioner.

The Petitioner now alleges in his motion that he did not commit a crime; federal agents conspired to prevent or hinder his right to travel; he was subjected to an illegal seizure; his Miranda rights were violated; the Government breached the Plea Agreement; and his plea was not voluntary. The Government argues that the Petitioner has waived his right to file this motion on these grounds and that the arguments raised by the Petitioner should be rejected as a matter of law.

**Standard of Review**

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or

MEMORANDUM ORDER - 2

patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.), cert. denied, 470 U.S. 1058 (1985) (citations omitted); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).  However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court.  Thus in order to withstand summary dismissal of his motion for relief under Section 2255, Petitioner "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).  In the present case, the legal issues do not require an evidentiary hearing.

**Timeliness**

Pursuant to the amendment of 28 U.S.C. § 2255 in 1996 as part of the Anti-Terrorism and Effective Death Penalty Act, there is now a one (1) year limitation on the filing of a § 2255 motion.  Section 2255 states in part:

> A 1-year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of --
> (1)    the date on which the judgment of conviction becomes final;
> (2)    the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

MEMORANDUM ORDER - 3

>    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, the Petitioner was sentenced on September 29, 2008 (Docket No. 41 in Crim. Case 07-284-N-EJL). The Judgment was entered on October 1, 2008. Id. No direct appeal was filed. Petitioner's petition was filed May, 19, 2009 (Docket No. 3). Accordingly, the Petition was timely filed within one year of the date the Judgment became final.

**Analysis**

1. Waiver

The law concerning waiver of appeal rights is well-settled:

> Waiver of a statutory right to appeal is reviewed *de novo*. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir. 1991). A defendant may waive a statutory right to appeal his sentence. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990), cert. denied, 503 U.S. 942 (1992). However, an express waiver of the right to appeal is valid only if knowingly and voluntarily made. Bolinger, 940 F.2d at 480. This court looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily. Id. In reviewing a waiver of appeal, we must also focus also upon the language of the waiver to determine its scope. See e.g. United States v. Johnson, 67 F.3d 200 (9th Cir. 1995). Further, we have recognized that the waiver of a right to appeal may be subject to certain exceptions such as claims involving a breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty. See Id, at 202, n. 4 (citations omitted); see also United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (waiver of appeal does not preclude claim that restitution exceeded statutory authority); United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994) (waiver of appeal subject to limited exceptions), cert. denied,

> 514 U.S. 1107 (1995). At least one court has noted that proper enforcement of appeal waivers serves an important function in the judicial administrative process by "preserv[ing] the finality of judgments and sentences imposed pursuant to valid plea agreements." United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992).

United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996).

In the present case, Petitioner has made no showing that his waiver of appeal rights was invalid. Therefore, the motion for relief should be denied based upon the Petitioner's knowing and voluntary waiver of his right to seek post-conviction relief in Section VI. of his Plea Agreement (Docket No. 34 in Crim. Case. No. 07-284-N-EJL). In exchange for the Government's concessions, the Petitioner agreed to waive his rights to appeals and collateral attacks except as provided in the Plea Agreement. Petitioner was granted leave to file a direct appeal if the sentence he received exceeded the statutory maximum as determined by the Court; or if the Court upward departed; or if the Court imposed a sentence exceeding the guideline range determined by the Court – none of these situations apply to the Petitioner's sentence and no direct appeal was filed.

Petitioner was granted leave to file one habeas petition under the following circumstances only:

> a. defendant believes he received ineffective assistance of counsel based solely on information not known to the defendant at the time the district court imposed sentence and which, in the exercise of reasonable diligence, could not have been know by the defendant at that time.

Mr. Allison was represented by two experienced criminal defense attorneys. After communications broke down with his first attorney, a new attorney was appointed by the

MEMORANDUM ORDER - 5

Court to represent the Petitioner. During the plea hearing, the Petitioner indicated he was satisfied with his attorney. Now, the Petitioner claims he was forced to enter a plea agreement and that his attorney was ineffective for failing to contest the search of his home on the day he was arrested. These arguments have been waived.

First, the transcript of the plea hearing sets forth in detail the Court's questioning of the Petitioner to ensure he understood his rights, the nature of the charges, the maximum possible penalties, the waiver of his appeal rights, and that the plea was knowingly and voluntarily entered into. The record is clear that there was no duress on the part of the Petitioner in entering his plea or the plea agreement and that the plea was entered voluntarily and with full knowledge of the consequences of the plea.

As to the search warrant executed when the Petitioner was arrested leaving his home, this search warrant and the statements made by the Petitioner were all known by the Petitioner and his counsel when he entered his plea. Accordingly, the Petitioner cannot now claim ineffective assistance of counsel regarding the search warrant and his questioning since these facts were known to Petitioner prior to the time he was sentenced. The waiver in the Plea Agreement specifically provides that facts known at the time of sentencing cannot be the basis for a § 2255 motion alleging ineffective assistance of counsel for events that occurred before the Petitioner was sentenced.

For these reasons, the Court finds the § 2255 petition should be summarily dismissed as the grounds raised in the motion are barred by the waiver of rights contained in the Plea Agreement.

2. <u>Merits of Claims</u>

Even if the waiver does not prevent the filing of the § 2255 motion on certain grounds, the grounds raised by the Petitioner are meritless.

A. Breach of Contract.

Petitioner claims the Government breached the Plea Agreement when it did not move for the third point for acceptance of responsibility. The Government agreed in Section V of the Plea Agreement that it would move for the third point for acceptance if the Petitioner met certain criteria. Regardless if the Government thought the Petitioner had not met the criteria, the Court granted three points for acceptance of responsibility so this argument is moot.

B. Sentence Longer Than Expected

Petitioner claims he did not know he was looking at a sentence of 10 years imprisonment. Again, this argument is without merit as the Court specifically advised the Petitioner during the plea hearing that there was a mandatory minimum sentence of 10 years and the maximum term of imprisonment was life in prison. Additionally, the Plea Agreement set forth in Section IV. that Count 1 "is punishable by a term of imprisonment of not less than 10 years up to life in prison." The Court does not have authority to go below a mandatory minimum sentence of 10 years or 120 months absent a motion for departure by the Government and no such motion was filed in this case. The Court sentenced the Petitioner to 120 months which is the lowest possible sentence available under the applicable statute.

MEMORANDUM ORDER - 7

C. Miscarriage of Justice

Petitioner seems to argue in his reply brief that he was wrongly convicted. However, the Petitioner never denies the facts he admitted to in the Plea Agreement and at the plea hearing. These admitted facts support the finding that the Petitioner is guilty of the crimes charges.

D. United States Conspired to Prohibit his Travel

It is undisputed that the ICE officers stopped the Petitioner after he exited his home and got in his vehicle. The officers had a search warrant for his vehicle and searched his vehicle finding evidence consistent with the Petitioner's plans to meet a 13 year old girl for sex in Canada. There is no evidence presented in the current motion which in any way challenges that the officers had probable cause to seek a search warrant and to arrest the Petitioner when he entered his vehicle.

E. Illegal Seizure and <u>Miranda</u> Rights

In these arguments, Petitioner essentially claims his counsel was ineffective for failing to challenge the search of his vehicle and his home as well as the questioning that occurred when the Petitioner was arrested. A Petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective.

MEMORANDUM ORDER - 8

See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). A defendant fails to state a claim for ineffective assistance if he fails to allege facts sufficient to meet *either* the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim.

     The Court has reviewed the Petitioner's motion, and the entire record herein, and concludes that even assuming the Petitioner has alleged facts sufficient to state a claim of ineffective assistance of counsel for failing to challenge the search of his home and his custodial questioning, the Petitioner has failed to allege facts sufficient to satisfy the "prejudice" prong of the two part test of ineffective assistance of counsel. Specifically, the Petitioner has failed to demonstrate there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of his case would have been different. The Petitioner states he confessed to the charges, but even without the confession the factual basis established by the investigating officers and admitted to by the Petitioner would be sufficient to sustain his convictions. Petitioner had two experienced attorneys who reviewed the discovery in this matter including the search warrants and investigation reports. The Petitioner was never chatting online with a 13 year old, he was chatting online with law enforcement who had computer records to support the convictions. Petitioner has presented no evidence that the investigation files alone would not be sufficient to convict him of the charges in Count 1. Accordingly, the Petitioner has not established the prejudice prong of the ineffective assistance of counsel claim and the claim must be denied.

MEMORANDUM ORDER - 9

F. Involuntary Plea

Petitioner claims his plea was involuntary and under duress. This issue was discussed earlier. The Plea Agreement and transcript of the plea hearing establish the plea was knowingly and voluntarily entered.

## Conclusion

Because the Court finds the Petitioner waived his right to file a writ of habeas on the grounds submitted and that the grounds submitted are without merit, the Court must deny the motion for relief and dismiss the Petition in its entirety.

## Order

Being fully advised in the premises, the Court hereby orders that the Petitioner's Petition for Writ of Habeas Corpus (Docket No. 3) is DENIED and the Petition is DISMISSED IN ITS ENTIRETY.

DATED: **December 16, 2009**

Honorable Edward J. Lodge
U. S. District Judge